## DONOHUE *v.* BROOKLYN CITY R. Co.

*(City Court of Brooklyn, General Term. May 25, 1891.)*

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—CAR-COUPLING.

Where a brakeman, in the employ of defendant railroad company, while attempting to couple an engine to a train of cars, is crushed by reason of the bumpers on the engine being so low as to pass under the bumpers on the car, and allow the engine to come in contact with the car, defendant is liable.

2. SAME—NEGLIGENCE OF FELLOW-SERVANTS.

In such case, the appliances being defective, defendant is not relieved from liability by the negligence of the person in charge of the engine in moving it faster than is usual in such cases.

Appeal from trial term.

Action by James Donohue, as administrator of John Donohue, deceased, against the Brooklyn City Railroad Company. There was a verdict for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Morris & Whitehouse*, for appellant. *Chas. J. Patterson*, for respondent.

OSBORNE, J. Plaintiff brought this action, as administrator of his son's estate, to recover damages for the death of his son, alleged to have been caused by the negligence of defendant. Defendant operates a steam railroad from Twenty-Fourth street, in this city, to Ft. Hamilton. Deceased, a boy of 17 years of age, was in the employ of defendant as a brakeman, which position he had held for about two weeks prior to the injuries which resulted in his death. On August 17, 1890, deceased started to couple the engine to a train of two cars at Ft. Hamilton for the return trip to Brooklyn. As the engine was moved towards the car to be coupled, deceased went between the engine and car, and took hold of the draw-bar which was attached to the draw-head of the engine, and attempted to guide it into the draw-head of the car. The engine, temporarily in charge of a brakeman, as it neared the car, moved a little faster than it had been going, deceased missed the coupling, the engine came in violent contact with the car, and deceased was so badly crushed between them that he died in two days afterwards. It appeared from the evidence on behalf of the plaintiff that it was usual to have bumpers on the car and on the engine, and that these bumpers were as well for the protection of the brakemen as of the car, in case the coupling was missed. The car in question was furnished with a bumper extending out four and a half to five inches. The draw-head on the engine extended about six inches out from the engine, and served as a bumper; it also having a slot in it for the draw-bar to fit into. When Donohue missed the coupling, as above stated, and the car and engine came in contact, it was shown that, by reason of the engine bumper or draw-head being three or four inches lower than the car bumper, the engine bumper passed under the car bumper, and, instead of there being a space of ten or eleven inches between the engine and the car on coming together, as would have been the case if the bumpers had met, there was only a space of four or five inches left for deceased to stand in, and he was consequently crushed. Plaintiff claimed that the failure of the defendant to provide bumpers, properly placed so as to meet each other, and thus keep a space open between the car and engine for the safety of the brakeman, constituted negligence on its part which caused the death of his intestate. Plaintiff had a verdict, and from the judgment entered thereon and the order denying motion for a new trial defendant now appeals.

At the close of plaintiff's case, the learned counsel for the defendant moved to dismiss the complaint, on the grounds (1) that the evidence failed to establish negligence or failure of duty on the part of the defendant towards the deceased; (2) that the evidence established the fact that the injury was caused by the negligence of a co-servant; (3) that the evidence showed con-

tributory negligence on the part of the deceased. The motion was also renewed, after all the evidence had been put in. Both motions were denied by the learned trial judge, and the denials were excepted to. The exceptions so taken are the only points to which the learned counsel for the appellant has addressed himself on this appeal. It was unquestionably the duty of the defendant to take all reasonable precautions to insure the safety of its servants while in the performance of their duties, and, if the death of the intestate in this case was due to the failure of the defendant to take such precautions, it will not be seriously disputed, we apprehend, that the defendant is liable. As already stated, the negligence of the defendant here complained of was in not having its car and engine so arranged that the bumpers would meet, instead of one passing under the other. In *Ellis* v. *Railroad Co.*, 95 N. Y. 546, the court of appeals held that it was a duty the defendant owed its employes to provide cars with buffers appropriately placed. The same proposition was again enunciated in *Gottlieb* v. *Railroad Co.*, 100 N. Y. 462, 3 N. E. Rep. 344, and cases there cited, and in *Goodrich* v. *Railroad Co.*, 116 N. Y. 398, 22 N. E. Rep. 397. The learned counsel for the appellant claims that these decisions are not applicable in the case at bar, as they applied only to freight cars; that, in the case of coupling an engine to a car, no such precautions are necessary, because the engineer can see the brakeman, and keep his engine under control, so rendering it perfectly safe to make the coupling. The fact that deceased lost his life in the present case would seem to be the strongest possible argument as to the fallacy of this contention. Plaintiff's evidence went to show that it was usual to have these bumpers for the protection of the brakeman, and defendant, by its evidence, sought to show the contrary. The learned trial judge charged the jury on this point as follows: "You have heard the testimony on both sides, and it is for you to determine whether the negligence of the defendant in respect to the arrangement of these bumpers, as plaintiff contends, in their not coming together, whether that was negligence on the part of the defendant, and whether that negligence brought about the death of this young man." This was certainly, on all the evidence, a proper question to leave to the jury to determine, and the verdict indicates that the jury deemed the defendant negligent.

As to the second ground of the motion to dismiss, viz., that the injury was caused by the negligence of a fellow-servant, defendant sought to show that the engine was backed by the brakeman in charge of it at an undue rate of speed, and that he was negligent in so doing. It is a well-settled rule that the application of this proposition presupposes that the master or employer has done his duty in providing suitable appliances. As was said by Judge DANFORTH in *Ellis* v. *Railroad Co.*, *supra*, 552: "This rule, however, has no application if the company has at the same time disregarded its obligation to provide either a suitable road-bed, or engines, cars, or other necessary appointments of the railroad, so that the injury is not entirely caused by the negligence of the fellow-servant, but in part, at least, is the result of that omission of duty. In such a case, the negligence of the co-servant will not exonerate the company from the consequences of its own default." It seems to us that this is a conclusive answer to the second ground of the motion to dismiss. As to the third ground, that the evidence showed contributory negligence on the part of the deceased, this was clearly a question for the jury. It was submitted to them by the learned trial judge, and the jury have found against the defendant. We can see no ground, on any of the points stated, for interfering with the verdict. The judgment and order denying motion for a new trial should be affirmed, with costs.